UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK MARTIN,

Petitioner,

v.

IVAN D. CLAY, Warden, et al.,

Respondents.

1:07-cv-00707-LJO-TAG HC

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS

ORDER TO FILE RESPONSE WITHIN THIRTY DAYS

(Doc. 1)

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 8, 2007. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on May 8, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on January 22, 1997. (Doc. 1, p. 1). Petitioner's petition for review was denied by the California Supreme Court on October 14, 1998.[1] Thus, direct review would have concluded on January 12, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from January 12, 1999, or until January 12, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned the instant petition was filed on May 8, 2007, over seven years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all

---

[1]Since Petitioner did not provide the date on which his Petition for Review was denied, the Court has determined that date from the California courts' electronic database for Petitioner's direct appeal.

[2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the instant petition, beginning with a petition in the Stanislaus County Superior Court, which was denied on October 24, 2003. (Doc. 1, p. 2). A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

As mentioned, the limitations period expired on January 12, 2000, approximately three and one-half years *before* Petitioner's first state habeas petition was denied. Petitioner has not indicated the date on which he filed that petition in the Stanislaus County Superior Court, which would be the date from which he would be entitled to statutory tolling. However, unless he filed that petition no later than January 12, 2000, the last day of the one-year period, the period would have expired and any subsequently-filed state habeas petition would not entitle Petitioner to statutory tolling. Green, 223 F.3d at 1003.

Accordingly, Petitioner will be afforded the opportunity, in his response to this Order to Show Cause, to provide additional information regarding when and where he filed his state habeas petitions if he believes that the instant petition is timely and that he is entitled to statutory tolling under the AEDPA.

D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces,

rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner makes no claim of entitlement to equitable tolling.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d). In his response, Petitioner should provide the dates on which he filed any state habeas petitions, the names of the courts in which he filed those petitions, the results, if any, of those petitions, and the dates the results were issued. Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order will result in Findings and Recommendations recommending that the Petition be dismissed.

IT IS SO ORDERED.

Dated: **January 8, 2008**

**/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE