UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK MARTIN, | ) | 1:07-cv-00707-LJO-TAG HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| IVAN D. CLAY, Warden, et al., | ) | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
| Respondents. | ) | (Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 8, 2007. A preliminary review of the petition revealed that the petition may be untimely and should therefore be dismissed. On January 9, 2008, the Court issued an order to show cause why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Doc. 13). On March 17, 2008, Petitioner filed his response. (Doc. 16). The Court has considered Petitioner's response and concludes that the petition is untimely and should be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The

1

Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001), the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst</u>, 260 F.3d at 1041-1042. The Court's order to show cause provided Petitioner with such notice. (Doc. 13).

### B.  Limitations Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997). The instant petition filed on May 8, 2007 is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on January 22, 1997. (Doc. 1, p. 1). In this case, his petition for review was denied by the California Supreme Court on October 14, 1998.[1] Thus, direct review would have concluded on January 12, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired. Brambles v. Duncan, 412 F. 3d 1066, 1069 (9th Cir. 2005)(citing Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir.1999)). Petitioner would have one year from January 13, 1999,[2] or until January 12, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As discussed supra, the instant petition was filed on May 8, 2007, over seven years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed. Petitioner's response essentially concedes the foregoing analysis.

C.  Tolling of the Limitations Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitations period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, 183 F. 3d 1003 (9th Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino, 183 F.3d at 1006; see also, Taylor v. Lee,

---

[1] Since Petitioner did not provide the date on which his Petition for Review was denied, the Court has determined that date from the California courts' electronic database for Petitioner's direct appeal. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also, Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F. 3d 1243, 1247 (9th Cir. 2001).

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of

186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the period will end before all claims can be presented to the state supreme court.  Nino. 183 F. 3d at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Petitioner asserts that he initiated his first state habeas petitions on June 10, 1999, and that the petition was denied on June 17, 1999.  (Doc. 16, p. 4).  Assuming, for purposes of argument, that the petition was properly filed for purposes of the AEDPA, Petitioner would be entitled to eight days of statutory tolling during the pendency of this petition.

Petitioner also alleges that he next filed a "round" of state habeas petitions to exhaust the claims in the instant petition, beginning with three petitions in the Stanislaus County Superior Court, which were filed on May 9, 2002 and denied on October 24, 2003.  (Doc. 1, p. 2; Doc. 16, pp. 33, 34).  A petitioner, however, is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same).  As mentioned, the limitations period expired on January 12, 2000.  Assuming, without deciding, that Petitioner was entitled to the additional eight days of statutory tolling referred to above, the one-year limitations period still expired approximately two and one-half years *before* Petitioner's next state habeas petitions were filed on May 9, 2002.  Accordingly, Petitioner is not entitled to statutory tolling for those petitions.  Green, 223 F.3d at 1003.  Similarly, any subsequent state petitions would not entitle Petitioner to statutory tolling, for the same reason.

Accordingly, the petition is still untimely unless Petitioner is entitled to equitable tolling.
///

---

Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

D.  Equitable Tolling

The limitations period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(citations omitted)). The petitioner bears the burden to establish that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F. 3d 1021, 1026 (9th Cir. 2005). In Allen v. Lewis, 255 F. 3d 798 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." Allen, 255 F. 3d at 800-801.

Petitioner first contends that he is entitled to equitable tolling because of the conduct of his sister, a paralegal named Twanya Martin, and his trial counsel, Mr. Hollenback.  Petitioner contends that on or around February 25, 2000 he sent his legal documents to his sister, who agreed to then forward them to Hollenback to review for potential claims.  (Doc. 16, pp. 5, 51).  Petitioner contends that his sister and attorney had been involved in a romantic affair during his 1985 trial that resulted in a conviction used to enhance his current sentence.  (Id. at 51-56).  Petitioner alleges that his sister repeatedly wrote to him and told him Hollenback was reviewing the documents but that, in fact, she had never sent them to the attorney.  (Id.).  Petitioner contends that his reliance on his sister's misrepresentations and his attorney's negligence entitled him to equitable tolling.  This contention has no merit.

As mentioned, the one-year limitations period expired on or about January 20, 2000, after adding the eight days of statutory tolling referred to in the previous section.  Petitioner did not send the documents to his sister until February 25, 2000, over a month *after* the limitations period expired. Accordingly, this entire incident, even if true, had no effect on Petitioner's failure to file his federal petition within the one-year period and provides no basis for equitable tolling.

Petitioner also contends that newly discovered evidence shows he is innocent of one of the convictions used to enhance his sentence.  Although Petitioner makes repeated assertions of his

1  innocence, the Court has been unable to ascertain from the documents presented by Petitioner the
2  precise nature of his claim of innocence.  However, it appears to derive from documents Petitioner
3  obtained regarding his prior convictions and his contention that one or more of those convictions was
4  not a strike or should not have been used under California's Three Strikes Law to enhance his
5  conviction.

6        Neither the Supreme Court nor the Ninth Circuit have decided whether there is an actual
7  innocence exception to a violation of § 2244(d)'s limitations period.  See Majoy v. Roe, 296 F. 3d
8  770, 775-776 (9th Cir. 2002).  The Ninth Circuit has only excused a violation of the limitations
9  period where the petitioner was entitled to equitable tolling.  See Calderon v. United States Dist.
10 Court (Beeler), 128 F.3d 1283, 1287-1289 (9th Cir. 1997), overruled on other grounds by Calderon
11 v. United States District Court (Kelly), 163 F. 3d 530 (9th Cir. 1998), overruled on other grounds by
12 Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003).  Even if an actual innocence exception
13 to a violation of the limitations period existed, Petitioner has not met the standard for actual
14 innocence.  Under the actual innocence  standard, a petitioner must establish that the alleged
15 constitutional error "has probably resulted in the conviction of one who is actually innocent."
16 Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)(quoting Murray v. Carrier, 477
17 U.S. 478, 496, 106 S.Ct. 2639 (1986)).   Petitioner must demonstrate that in light of the evidence no
18 reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851
19 (1995); see House v. Bell, 547 U.S. 518, 537, 126 S. Ct. 2064 (2006) (a credible Schlup gateway
20 showing "requires new reliable evidence.").  Petitioner presents no such evidence.

21       Moreover, it does not appear that the "newly discovered" evidence relates to newly
22 discovered facts, but rather to newly discovered legal grounds for potential relief that Petitioner has
23 uncovered.  However, the fact that Petitioner did not discover a potential legal theory until after the
24 one-year period expired is not grounds for equitable tolling.  Under Petitioner's reading of the
25 statute, the one year limitations period begins when a prisoner actually understands what legal
26 theories are available to him.  However, this interpretation is incorrect.  The one year time limit
27 commences on the date the "factual predicate of the claim or claims presented could have been
28 discovered through the exercise of due diligence," not when it was actually discovered by the

petitioner. 28 U.S.C. § 2244(d)(1). In addition, the trigger in § 2244(d)(1)(D) is the discovery (actual or imputed) of the claim's "factual predicate," not the recognition of the fact's legal significance. Stated differently, the time begins when the petitioner knows (or through diligence could discover) the important and relevant facts, not when he first recognizes their legal significance.

Here, Petitioner was undoubtedly aware of the actual facts giving rise to his prior convictions. Although he may not have been aware of the legal significance of those facts vis-a-vis the claim he is now attempting to make regarding Three Strikes and his sentence enhancement, the ignorance of the legal significance of known facts does not entitle Petitioner to equitable tolling.

As there exists no circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely and must be dismissed.

## **RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year period of limitation.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2008**                    /s/ Theresa A. Goldner
                                                 UNITED STATES MAGISTRATE JUDGE